UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

DOCUMENTED NY,

                              Civil Action No. 20-cv-1946

           *Plaintiff*,         **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

           v.

UNITED STATES DEPARTMENT OF STATE,
UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES, and
OFFICE OF MANAGEMENT AND BUDGET,

           *Defendants*.

-------------------------------------------------------------X

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.    This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, for declaratory, injunctive, and other appropriate relief to compel the release of agency records improperly withheld from Plaintiff Documented, by Defendants, U.S. Department of State ("DOS"), U.S. Department of Health and Human Services ("HHS"), and the Office of Management and Budget ("OMB").

2.    As part of a campaign to make radical changes to United States immigration regulations and policies, on October 4, 2019, the Trump Administration issued a Presidential Proclamation on the Suspension of Entry of Immigrants Who Will Financially Burden the United States Healthcare System (the "Proclamation" or "P.P. 9945"), available at

https://www.whitehouse.gov/presidential-actions/presidential-proclamation-suspension-entry-immigrants-will-financially-burden-united-states-healthcare-system/ an array of regulations and policies impacting immigration policies. The Proclamation suspended the entry of any immigrant who could not show that she either a) could obtain private health insurance within 30 days of arrival in the United States or b) had the financial means to cover any foreseeable medical costs. It was set to take effect just 30 days later, on November 3, 2019, but was enjoined from taking effect by the federal district court of the District of Oregon. *See Doe #1 v. Trump*, No. No. 19 Civ. 1743, 2019 WL 5685204 (D. Or. Nov. 2, 2019) (issuing temporary restraining order); 2019 WL 6324560 (D. Or. Nov. 26, 2019) (issuing preliminary injunction).

3.   Plaintiff submitted a FOIA request to Defendants on November 21, 2019, seeking records related to this time-sensitive public policy matter; *See* November, 2019 FOIA Request Letter from Documented ("Plaintiff's Request"), attached as Exhibit 1. Defendant agencies are responsible for proposing and implementing these changes, which would impact thousands of families across the country and have generated tremendous public attention and interest. Yet these agencies have withheld *all* documents responsive to a series of FOIA requests filed to obtain information about these highly controversial changes.

4.   Little information is known to the public about the Proclamation and its impact on non-citizen and immigrant communities, leaving immigration advocates, reporters and attorneys with little to no guidance on the change in policies.

5.   Obtaining responses to Plaintiff's FOIA requests is crucial to facilitating public debate and accountability and preparing for the effects of the Proclamation. Although public interest in these changes is extremely high, the government has released little information about the reasoning and decision-making process that went into developing them. This is despite the

enormous public and press interest, its dramatic impact on the immigration system and on immigrant communities, and the widespread reports of high pressure from the White House on federal agency decision-making related to the Proclamation.

6. Plaintiff's Request sought a fee waiver and expedited processing. Plaintiff's need for information regarding the Proclamation and its implementation is urgent and time-sensitive due to widespread public interest, media attention, and political demonstrations regarding such operations and potential statutory violations. The public has an urgent interest in understanding how curbs to public benefits and threats to immigration standing.

7. To vindicate the public's right to information about immigration enforcement practices and policies, Plaintiff seek declaratory, injunctive, and other appropriate relief to compel Defendants to immediately process Plaintiff's Request and release records that have been unlawfully withheld.

## JURISDICTION AND VENUE

8. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). This Court also has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1346(a)(2).

9. Venue lies in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1391(e) and 1402(a) as Documented NY is registered with the New York State Department of Taxation and Finance in this district.

## PARTIES

10. Plaintiff Documented NY is an award-winning non-profit news site devoted solely to covering New York City's immigrants and the policies that affect their lives. Documented provides original reporting on the ground-level impact of shifts in labor policy, law–enforcement

practices and bureaucratic requirements, and on the effects of new federal directives. Documented has garnered over 15,000 unique readers per month, and broken a number of stories in the public interest. *See* Max Siegelbaum, *65,000 People in New York Area Receive TPS*, DOCUMENTED NY, Nov. 4, 2019, https://documentedny.com/2019/11/04/early-arrival-65000-people-in-new-york-area-receive-tps-extension/; *See* Max Siegelbaum and Mazin Sidahmed, *DHS Uses Military Vehicle to Make Arrests, causes Panic*, DOCUMENTED NY, Nov. 8, 2019, https://documentedny.com/2019/11/08/early-arrival-dhs-uses-military-vehicle-to-make-arrests-causes-panic/. Documented also partners with national news outlets including The *New York Times, The Guardian, The Daily Beast* and others to further promote its coverage of immigration. Documented also publishes a widely read policy-focused newsletter three times a week and a newsletter targeting New York City's Spanish-speaking immigrants that is distributed on WhatsApp. Documented reporters urgently need access to all information and correspondence pertaining to the Proclamation so as to disseminate developments and to further its journalistic mission.

11. Defendant DOS is a cabinet department of the United States federal government. DOS is charged with the issuance of immigrant visas abroad and consular processing of intending immigrants seeking admission.

12. Defendant OMB is an office within the Executive Office of the President tasked with meeting the President's policy, budget, management and regulatory objectives.

13. Defendant HHS is a cabinet agency within the United States federal government. The Proclamation assigns to HHS a variety of responsibilities regarding its implementation and enforcement.

14. DOS, OMB, and HHS are "agencies" within the meaning of 5 U.S.C. § 552(f)(1).

## STATEMENT OF FACTS

### Background on the Proclamation

15.     Each year, hundreds of thousands of U.S. citizens and lawful permanent residents petition for their husbands, wives, parents, children, and siblings to obtain lawful permanent status or "green cards" in the United States. While many of these petitioned-for intending immigrants, who reside in the United States have their applications for adjustment processed entirely through the Department of Homeland Security, others, because of a period of unlawful presence in the United States, are required to leave and go through "consular processing" in their home countries. This process is managed by DOS.

16.     Since January of 2017, the Trump Administration has sought to transform the system that allows aspiring immigrants to obtain lawful permanent residence in the United States and maintain family unity, integrity, and stability.

17.     In line with this immigration agenda, The President issued the Proclamation on October 4, 2019, suspending the entry of any individuals with immigrant visas who could not demonstrate that they could obtain certain forms of "approved" private health insurance within 30 days of entry or that they had sufficient financial capacity to absorb "reasonably foreseeable medical costs." *See* the Proclamation, Section 1.

18.     The Proclamation targets immigrants living inside the United States, as well as those who live abroad, with a particularly disproportionate impact on immigrants with low socio-economic backgrounds. *See* Joel Rose, *How the Trump Administration Uses 'Workarounds' to Reshape Legal Immigration*, NPR, Oct. 10, 2019, https://www.npr.org/2019/10/10/769009449/how-the-trump-administration-uses-workarounds-to-reshape-legal-immigration.

19. The Proclamation will drastically reduce the number of immigrants admitted to the United States by up to 65 percent. *See* Nicole Narea and Alex Ward, *Trump's attempt to quietly cut legal immigration by up to 65 percent*, VOX NEWS, Nov. 27, 2019, https://www.vox.com/2019/10/9/20903541/trump-proclamation-legal-immigration-health-insurance.

20. The Proclamation, to be implemented by Defendants DOS and HHS, stated that it would go into effect on November 3, 2019. On November 2, 2019, a federal district court in the District of Oregon issued a temporary restraining order that enjoined the implementation of the Proclamation nationwide through November 28, 2019. On November 26, 2019, the same district court issued a preliminary injunction barring the Proclamation from going into effect.

21. While the Proclamation is enjoined, Defendants have appealed and moved for a stay of the injunction to the Ninth Circuit Court of Appeals. The status of litigation and the nature of judicial rulings could change at any moment, rendering immigrants and prospective immigrants in a state of perpetual precarity.

### **Plaintiff and the Public Have a Compelling Need for Records Sought**

22. The impact of the Proclamation and the guidelines set by DOS, HHS and OMB is of crucial interest to the public, and there is a compelling need to inform the public of agency policies and decision-making regarding Proclamation implementation. Records and documents about immigration policies are crucial to public understanding, and will inform the ways in which communities are impacted.

23. Widespread media coverage further supports the fact that there is significant and compelling public interest in the Proclamation and any changes to how immigrants obtain admission or permanent lawful status. This includes numerous news and opinion pieces in leading

news outlets throughout the country.¹ Indeed, interest in these policies has only grown since Plaintiff submitted their request, as numerous local and national media outlets have reported on the Administration's changes to its admission policies and the lawsuits these changes have generated.²

24.     It is paramount that the public have the requested information to engage in informed political discussion about the Proclamation; seek accountability through the political process; and meaningfully prepare their local government, neighborhoods, and families for the ramifications of the Proclamation. Plaintiff anticipates undertaking a significant public education campaign following the implementation of the Proclamation. The documents sought here are directly relevant and essential to those efforts.

25.     Plaintiff has a consistent and strong record of disseminating information about government policies to educate the public and advocate for change, including through the publication of reports and news. Documented NY's entire mission is the dissemination of information to the public on immigration policy. The news site has published reporting on the Proclamation, its implementation, and impact on thousands of families. *See* Mazin Sidahmed,

---

1       *See* Nicole Narea and Alex Ward, *Trump's attempt to quietly cut legal immigration by up to 65 percent*, VOX NEWS, Nov. 27, 2019, https://www.vox.com/2019/10/9/20903541/trump-proclamation-legal-immigration-health-insurance; *See* Joel Rose, *How the Trump Administration Uses 'Workarounds' to Reshape Legal Immigration*, NPR, Oct. 10, 2019, https://www.npr.org/2019/10/10/769009449/how-the-trump-administration-uses-workarounds-to-reshape-legal-immigration;  *See* Shayna Jacobs, *Lawsuit says  Trump's green-card rules show preference for 'the wealthy and the white'*, WASH. POST, Dec. 19, 2019, https://www.washingtonpost.com/national-security/lawsuit-says-trumps-green-card-rules-show-preference-for-the-wealthy-and-the-white/2019/12/19/b4cd4fae-2226-11ea-bed5-880264cc91a9_story.html; *See* Ariana Momtazi-Bushweller, *Trump Won't Let My grandmother Come to My Graduation*, SLATE, nov. 19, 2019, https://slate.com/news-and-politics/2019/11/trump-proclamation-immigrants-health-insurance-grandmother.html.
2       *See* Max Siegelbaum, *Early Arrival: Appeals Court Leans Against Trump in Public Charge case*, Documented NY, Jan. 08, 2020, https://documentedny.com/2020/01/08/early-arrival-appeals-court-leans-against-trump-in-public-charge-case/; *See* Adam Liptak, *Supreme Court Allows Trump's Wealth Test for Green Cards*, NYTimes, Jan. 27, 2020, https://www.nytimes.com/2020/01/27/us/supreme-court-trump-green-cards.html; *See* Jamie Parfitt, *Oregon Health Authority Says Public Charge rule in 'Direct Conflict' with its Mission*, ABC News, Jan. 28, 2020, https://www.kdrv.com/content/news/Oregon-Health-Authority-says-public-charge-rule-in-direct-conflict-with-its-mission-567376851.html; *See Supreme Court allows Trump's 'public charge' rule to proceed*, The Oregonian, Jan. 28, 2020, https://www.oregonlive.com/news/2020/01/supreme-court-allows-trumps-public-charge-rule-to-proceed.html.

Presidential Proclamation Sows Confusion Within the State Department, DOCUMENTED NY, Feb. 24, 2020, https://documentedny.com/2020/02/24/presidential-proclamation-sows-confusion-within-the-state-department/.

26. In addition, Plaintiff has published scores of articles on the drastic changes in immigration regulation to inform and equip New Yorkers of relevant changes. *See* Max Siegelbaum, Public Charge Rule Could Hit 1.7 Million in NY and NJ, DOCUMENTED NY, Aug. 14, 2019, https://documentedny.com/2019/08/14/early-arrival-public-charge-rule-could-hit-1-7-million-in-ny-and-nj/; *See* Max Siegelbaum, *65,000 People in New York Area Receive TPS*, DOCUMENTED NY, Nov. 4, 2019, https://documentedny.com/2019/11/04/early-arrival-65000-people-in-new-york-area-receive-tps-extension/; *See* Max Siegelbaum, *Appeals Court Leans Against Trump in Public Charge case*, DOCUMENTED NY, Jan. 08, 2020, https://documentedny.com/2020/01/08/early-arrival-appeals-court-leans-against-trump-in-public-charge-case/; *See* Max Siegelbaum, *New York Court Rejects Trump's Public Charge Appeal*, DOCUMENTED NY, Jan. 10, 2020, https://documentedny.com/2020/01/10/early-arrival-new-york-court-rejects-trumps-public-charge-appeal//.

27. Accordingly, Plaintiff's Requests and the present action are necessary in order to vindicate the public's right to be informed of its government's operations, and to correct Defendants' reluctance to be open, transparent, and responsive regarding the effects of the Proclamation on the lives of thousands of immigrants.

### Plaintiff's FOIA Requests to Defendants

28. On November 21, 2019, Plaintiff sent Requests pursuant to FOIA, 5 U.S.C. § 552, *et seq.*, to Defendants via Federal Express. Plaintiff's November 2019 Request, attached as Exhibit 1, sought:

    a. "all emails, communications and analyses related to the Proclamation and the comment process, sent by the United States Department of State ("DOS") to the Office of information and Regulatory Affairs ("OIRA") and/or OMB;

    b. any other emails, communications, and analyses related to the Proclamation and the comment process, between or among DOS and/or (a) any part of the Executive Branch; (b) Congressional member or staff, and/or (c) any other person or entity outside the Executive Branch.

    c. Records concerning guidance, interpretation, implementation, or enforcement of the Proclamation by the United States Department of Homeland Security ("DHS"), Customs & Border Patrol ("CBP"), Health and Human Services ("HHS"), and DOS, or any other component agency of the federal government…"

29. Plaintiff's Request sought expedited processing under 5 U.S.C. § 552(a)(6)(E)(i)(I), citing a "compelling need" for the information because it is essential in order for the public to meaningfully engage in the debate regarding immigration policy, including policies related to the admission of eligible immigrants to the United States. Because Documented NY is primarily engaged in disseminating information it is entitled to expedited processing of this Request under the regulations of all three agencies.

30. Plaintiff's Request also sought a waiver of applicable fees under 5 U.S.C. § 552(a)(4)(A)(iii), 22 C.F.R. §171.17, 45 C.F.R. §5.54(a), and 5 C.F.R. §1303.94(a), because "disclosure of the requested records is in the public interest because it is likely to contribute significantly to the public understanding of the activities or operations of the government and is not primarily in the commercial interest of the requester." *See* 5 U.S.C. § 552(a)(4)(A)(iii). Documented NY is a non-profit entity with no commercial interest in the records requested, which are crucial to public understanding of DOS,' HHS' and OMB's operations.

## Agency Responses

31. Plaintiff confirmed delivery of their request via Federal Express to HHS, DOS and OMB.

### HHS's Response

32. Although HHS was required to respond to Plaintiff's Request within 20 working days, 45 CFR § 5.24, to date, HHS has not produced a single document in response to Plaintiff's Request, nor has HHS acknowledged Plaintiff's Request.

### DOS's Response

33. DOS acknowledged, via a letter and email sent on December 02, 2019, that Plaintiff's Request was received on November 21, 2019. *See* Exhibit 2.

34. In the letter DOS acknowledged receipt of Plaintiff's Request and granted Plaintiff's request for a fee waiver but denied Plaintiff's request for expedited processing.

35. Plaintiff filed an appeal to Defendants DOS to challenge its denial of expedited processing on February 7, 2020. Defendant DOS have yet to respond to Plaintiff's appeal.

36. In a letter dated February 24, 2020, DOS responded to Plaintiff's appeal, and affirmed their decision to deny Plaintiff's request for expedited processing.

37. DOS has made no further response as of March 4, 2020.

### OMB' Response

38. OMB acknowledged, via an e-mail sent on December 3, 2019, that Plaintiff's Request was received on November 21, 2019. *See* Exhibit 3.

39. Although OMB was required to issue a response to Plaintiff's Request within 20 days, 5 CFR § 1303.40, OMB has made no further response as of February 26, 2020.

### FIRST CLAIM FOR RELIEF

**Violation of FOIA for Failure to Disclose and
Release Records Responsive to Plaintiff's Request**

40. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 39 as if repeated and incorporated herein.

41. By failing to disclose and release the requested records, and by failing to conduct a timely and adequate search reasonably calculated to uncover responsive records, Defendants have violated the public's right, advanced by Plaintiff, to agency records under 5 U.S.C. § 552.

## SECOND CLAIM FOR RELIEF

### Defendants Improperly Denied
### Plaintiff's Request for Expedited Processing

42. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 41 as if repeated and incorporated herein.

43. By denying or failing to act on Plaintiff's Request for expedited processing, Defendants DOS, HHS and OMB have violated Plaintiff's rights under 5 U.S.C. § 552(a)(6)(E) and Defendants' own regulations, 22 C.F.R. §171.11(f)(1), 45 C.F.R. §5.27(b)(1), and 5 C.F.R. § 1303.40(e).

## THIRD CLAIM FOR RELIEF

### Defendants HHS and OMB Failed to Grant Plaintiffs' Request for a Fee Waiver

44. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 43 as if repeated and incorporated herein

45. By failing to act on Plaintiff's Request for a fee waiver, Defendants HHS and OMB have violated Plaintiff's rights under 5 U.S.C. § 552(a)(6)(E) and Defendants' own regulations, 45 C.F.R. §612.10 and 5 C.F.R. § 1303.94.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1) Order Defendants DOS, HHS and OMB immediately to make a full, adequate, and expedited search for the requested records;

    2)    Order Defendants HHS and OMB to grant a fee waiver in this action;

    3)    Order Defendants DOS, HHS, and OMB, to disclose the requested records in their entirety and make copies available to Plaintiff no later than ten days after the Court's order;

    4)    Award Plaintiff their costs and reasonable attorney's fees incurred in this action as provided by 5 U.S.C. § 552(a)(4)(E); and

    5)    Grant each other and further relief as this Court may deem just and proper.

Respectfully submitted,

Date:  March 4, 2020                   ____/s/ Ghita Schwarz_____
       New York, New York

Ghita Schwarz
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6445
Fax: (212) 614-6499
gschwarz@ccrjustice.org

Susan Cameron
THE LEGAL AID SOCIETY
199 Water Street
New York, NY  10038
Tel: (212) 298-3253
Fax: (646) 924-3563
scameron@legal-aid.org