**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
DOCUMENTED NY,

              *Plaintiff*,

                 v.              Civil Action No. 20-cv-1946 (AJN)

UNITED STATES DEPARTMENT OF STATE,
UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES, and
OFFICE OF MANAGEMENT AND BUDGET,

              *Defendants*.

-------------------------------------------------------------X

## <u>PLAINTIFF'S MOTION FOR EXPEDITED RELEASE<br>OF RESPONSIVE DOCUMENTS</u>

Ghita Schwarz
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6445
Fax: (212) 614-6445
gschwarz@ccrjustice.org

Susan Cameron
THE LEGAL AID SOCIETY
199 Water Street
New York, NY 10038
Tel: (212) 298-3253
Fax: (646) 924-3563
scameron@legal-aid.org

Table of Contents

Table of Authorities ................................................................................................. iii

Preliminary Statement.............................................................................................1

Background .............................................................................................................1

Argument ................................................................................................................4

    I.   FOIA Actions Are Especially Appropriate for Expedition.....................5

    II.  Expedition is Warranted Here..................................................................7

Conclusion ..............................................................................................................9

Table of Authorities

**Cases**                                                                                      **Page(s)**

*Am. Civil Liberties Union v. Dep't of Defense*,
339 F. Supp. 2d 501 (S.D.N.Y. 2004)..........................................................................5-6, 8

*Brennan Ctr. for Justice at New York University School of Law v.*
*United States Department of State*, No. 1:17-cv-07520-PGG (S.D.N.Y. Jan 10. 2018) .....6

*Doe #1 v. Trump*, 957 F.3d 1050 (9th Cir. 2020) ...................................................................3

*Doe #1 v. Trump*, 414 F. Supp. 3d 1307 (D. Or. Nov. 2, 2019) ...........................................2

*Doe #1 v. Trump*, 418 F. Supp. 3d 573 (D. Or. Nov. 26, 2019) ......................................2-3

*Elec. Privacy Info. Ctr. v. Dep't of Justice*, 416 F. Supp. 2d 30 (D.D.C. 2006)..........5, 6, 8

*Families for Freedom v. United States Customs and Border Patrol*,
837 F. Supp. 2d 331 (S.D.N.Y. 2011)......................................................................................8

*Ferguson v. FBI*, 722 F. Supp. 1137 (S.D.N.Y. 1989) .................................................4, 5, 6

*Fox News Network, LLC v. U.S. Dep't of the Treasury*, 739 F. Supp. 2d 515
(S.D.N.Y. 2010).......................................................................................................................6

*Freedom Commc'ns Inc. v. FDIC*, 157 F.R.D. 485 (C.D. Cal. 1994) ...........................5, 9

*Nat. Res. Def. Council v. Dep't of Energy*, 191 F. Supp. 2d 41 (D.D.C. 2002) .............5, 8

*Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157 (2004) ..................................8

*Payne Enters. v. United States*, 837 F.2d 486 (D.C. Cir. 1988) ......................................5, 8

*U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*,
489 U.S. 749 (1989)..................................................................................................................8

**Federal Statutes & Regulations**                                    **Page(s)**

5 U.S.C. §552 ................................................................................ *passim*

22 C.F.R. § 171.11 ...................................................................................3

28 U.S.C. § 1657 ...............................................................................1, 4, 7


**Congressional Bills & Reports**

H.R. Rep. No. 985, 98th Cong., 2d Sess. (1984) ............................................6, 7


**Executive Orders and Presidential Proclamations**          **Page(s)**

Presidential Proclamation 9945 ................................................... *passim*

Presidential Proclamation Addressing Mass Migration Through the
Southern Border of the United States (Nov. 9, 2018)...........................................2

Proclamation Suspending Entry of Immigrants Who Present Risk to the
U.S. Labor Market During the Economic Recovery
Following the COVID-19 Outbreak (Apr. 22, 2020) .........................................2

Executive Order Protecting the Nation from Foreign Terrorist Entry
into the United States (Jan. 27, 2017)...................................................................2


**Other Authorities**                                        **Page(s)**

Adam Liptak, *Supreme Court Allows Trump's Wealth Test for Green Cards*,
New York Times, Jan. 27, 2020 ........................................................................9

Ariana Momtazi-Bushweller, *Trump Won't Let My Grandmother Come to
My Graduation*, SLATE, Nov. 19, 2019 ............................................................8

Jamie Parfitt, *Oregon Health Authority Says Public Charge rule in 'Direct Conflict'
with its Mission*, ABC News, Jan. 28, 2020...........................................................9

Joel Rose, *How the Trump Administration Uses 'Workarounds' to Reshape
Legal Immigration*, NPR, Oct. 10, 2019 .........................................................7, 8

Leighton Ku, *Assessing the Presidential Proclamation on Visas and Health Insurance,
Health Affairs (Dec. 17, 2019) ...........................................................................3

Max Siegelbaum, *Early Arrival: Appeals Court Leans Against Trump in Public Charge case*, Documented NY, Jan. 08, 2020 ........................................................8

Mazin Sidahmed, *Presidential Proclamation Sows Confusion at State Department*, Documented NY (Feb. 24, 2020)..........................................................................7

Nicole Narea and Alex Ward, *Trump's attempt to quietly cut legal immigration by up to 65 percent*, VOX NEWS, Nov. 27, 2019..........................................7, 8

Shayna Jacobs, *Lawsuit says Trump's green-card rules show preference for 'the wealthy and the white'*, Washington Post, Dec. 19, 2019......................................8

*Supreme Court allows Trump's 'public charge' rule to proceed*, The Oregonian, Jan. 28, 2020 ................................................................................9

Ted Hesson & Dan Diamond, *Trump moves to suspend visas for uninsured immigrants*, Politico (Oct. 4, 2019) ...................................................................2

Ted Hesson and Kristina Cooke, *Judge Blocks Trump Rule Requiring Prospective Immigrants Have Health Insurance*, Reuters (November 2, 2019) ................3

Veronica Stracqualursi, *Trump Issues Proclamation to Deny Visas to Immigrants who Can't Pay for Health Care*, CNN (October 5, 2019)..............................2

## PRELIMINARY STATEMENT

Plaintiff Documented NY, a non-profit news site covering New York City's immigrants and the policies that affect their lives, brings this motion to expedite processing of a request filed eight months ago under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 *et seq*. Plaintiff's request sought information on a matter of great public interest: federal agencies' handling of a Presidential Proclamation barring tens of thousands of immigrants from entering the country for lack of private health insurance. Although Plaintiff filed the request on November 21, 2019 and filed its complaint on March 4, 2020, Defendant Department of State ("DOS") has yet to produce a single document or even to provide an estimated time frame for producing records.

As a news site with a "compelling need" to share information of urgent interest to the public, Plaintiff is entitled to expedited processing of its request. 5 U.S.C. § 552(a)(6)(E). The FOIA requires federal agencies to begin processing expedited requests within twenty days, and failure to do so gives rise to a presumption of agency delay, which may be rebutted only by evidence that production is not practicable. Defendant has produced no such evidence, and Plaintiff therefore brings this motion to expedite processing of responsive records under the Civil Priorities Act, 28 U.S.C. § 1657, which provides that "court[s] shall expedite the consideration of . . . any [] action if good cause [] is shown." 28 U.S.C. § 1657(a).

## BACKGROUND

As part of a campaign to make radical changes to United States immigration regulations and policies, the Trump Administration, beginning in January 2017, has issued an array of executive orders, proclamations, regulations and policies impacting the immigration system, including proclamations to bar entry to immigrants and refugees from certain predominately

1

Muslim countries,[1] to alter the rules for seeking asylum,[2] and to suspend the entry of numerous

categories of immigrants eligible for lawful permanent resident status.[3]

Presidential Proclamation 9945 ("P.P. 9945" or "the Proclamation") fits into the pattern

of sudden, disruptive changes to longstanding immigration policy that promised chaotic

administration at the nation's borders and generated widespread public interest. The

Proclamation, issued on October 4, 2019 and set to go into effect just thirty days later, suspended

the entry of any immigrant who could not show that she either a) could obtain private health

insurance within 30 days of arrival in the United States; or b) had the financial means to cover

any foreseeable medical costs. *See Presidential Proclamation on the Suspension of Entry of*

*Immigrants Who Will Financially Burden the United States Healthcare System*, available at

https://www.whitehouse.gov/presidential-actions/presidential-proclamation-suspension-entry-

immigrants-will-financially-burden-united-states-healthcare-system/.

The issuance of the Proclamation triggered immediate, urgent interest among immigrant

communities, giving rise to voluminous press coverage[4] and litigation, with the federal district

court of the District of Oregon enjoining the rule from taking effect. *See Doe #1 v. Trump*, 414 F.

Supp. 3d 1307 (D. Or. Nov. 2, 2019) (issuing temporary restraining order); 418 F. Supp. 3d 573

---

[1]      *See Executive Order Protecting the Nation from Foreign Terrorist Entry into the United States* (Jan. 27, 2017), *available at* https://www.whitehouse.gov/presidential-actions/executive-order-protecting-nation-foreign-terrorist-entry-united-states/.

[2]      *See Presidential Proclamation Addressing Mass Migration Through the Southern Border of the United States* (Nov. 9, 2018), *available at* https://www.whitehouse.gov/presidential-actions/presidential-proclamation-addressing-mass-migration-southern-border-united-states/

[3]      *See Proclamation Suspending Entry of Immigrants Who Present Risk to the U.S. Labor Market During the Economic Recovery Following the COVID-19 Outbreak* (Apr. 22, 2020), *available at* https://www.whitehouse.gov/presidential-actions/proclamation-suspending-entry-immigrants-present-risk-u-s-labor-market-economic-recovery-following-covid-19-outbreak/.

[4]      *See, e.g.*, Veronica Stracqualursi, *Trump Issues Proclamation to Deny Visas to Immigrants who Can't Pay for Health Care,* CNN (October 5, 2019), *available at* https://www.cnn.com/2019/10/05/politics/trump-immigration-health-care-visas/index.html; Ted Hesson & Dan Diamond, *Trump moves to suspend visas for uninsured immigrants*, Politico (Oct. 4, 2019), *available at* https://www.politico.com/news/2019/10/04/trump-immigrants-health-insurance-proclamation-029705.

(D. Or. Nov. 26, 2019) (issuing nationwide preliminary injunction); *Doe #1 v. Trump*, 957 F.3d 1050 (9th Cir. 2020) (denying government's motion to stay the injunction). Another lawsuit challenging the Proclamation, as well as changes to the Department of State's public charge rule, was filed on December 19, 2019 in the Southern District of New York. *See Make the Road New York et al. v. Pompeo et al.*, 19-cv-11633 (GBD) (S.D.N.Y.).

Despite the preliminary injunction barring it from going into effect, the Proclamation has caused immense fear and confusion among immigrants and their communities. *See* Ted Hesson and Kristina Cooke, *Judge Blocks Trump Rule Requiring Prospective Immigrants Have Health Insurance,* Reuters (November 2, 2019).[5] With the potential to impact the immigration status of hundreds of thousands of prospective immigrants, it remains a subject of intense public interest.[6]

On November 21, 2020, Plaintiff Documented NY ("Documented") submitted a FOIA request ("Request") to the U.S. Department of State ("DOS"), the Office of Management and Budget ("OMB"), and the Department of Health and Human Services ("HHS"), the federal agencies involved in developing and implementing the Proclamation and accompanying regulations. Plaintiff sought expedited processing pursuant to 22 C.F.R. § 171.11(f)(2), the State Department regulation which entitles FOIA requestors to expedited processing where "the information is urgently needed by an individual primarily engaged in disseminating information in order to inform the public concerning actual or alleged Federal Government activity." *See* FOIA Request, attached as Exhibit 1 to the Complaint (ECF No. 6-1). Defendant DOS acknowledged Plaintiff's FOIA request on December 02, 2019 and denied Plaintiff's request for

---

[5]     *Available at* https://www.reuters.com/article/us-usa-immigration-healthcare/judge-blocks-trump-rule-requiring-prospective-immigrants-have-health-insurance-idUSKBN1XC0K8.

[6]     Leighton Ku, *Assessing the Presidential Proclamation on Visas and Health Insurance*, Health Affairs (Dec. 17, 2019), *available a*t https://www.healthaffairs.org/do/10.1377/hblog20191217.16090/full/.

expedited processing. (ECF No. 6-2). After Plaintiff appealed Defendant DOS's denial of the

expedited processing request on February 7, 2020, DOS affirmed the denial on February 24,

2020. *See* Exhibit 1 to Declaration of Ghita Schwarz ("Schwarz Decl.") With no response to the

Request from OMB or HHS, Plaintiff filed suit against all three agencies on March 8, 2020.

(ECF No. 6).

      While Plaintiff has reached agreement with Defendants HHS and OMB about a rate of

production of documents,[7] DOS has neither produced any documents responsive to the

Request nor provided Plaintiff with an estimated timeline of when it will begin producing.

      Given the urgency of the information sought, the passage of time since Plaintiff's

request, and Defendant DOS's failure to propose a workable schedule for production of the

documents at issue in this litigation, court intervention is necessary. Because there is ample good

cause to expedite Defendant's production, Plaintiff seeks relief from the Court to "assure that

[Plaintiff's] right to information [under the FOIA] is not submerged [by] government

obfuscation" or delay. *Ferguson v. FBI*, 722 F. Supp. 1137, 1145 (S.D.N.Y. 1989). Plaintiff

respectfully requests that this Court order DOS to produce 3000 pages two weeks from the

Court's order and 2500 pages each month thereafter.

## ARGUMENT

      The Civil Priorities Act, 28 U.S.C. § 1657, provides that "court[s] shall expedite the

consideration of . . . any [] action if good cause [] is shown." 28 U.S.C. § 1657(a). It further

provides that "'[g]ood cause' is shown if a right under the Constitution of the United States or a

Federal Statute (*including rights under section 552 of title 5[, FOIA]*) would be maintained in a

---

[7]     Defendant HHS has made one production to Plaintiff and has represented that it will produce the remainder of documents from its search on July 30, 2020. Since the filing of the parties' joint pre-conference statement to the Court on July 6, 2020 (ECF No. 15), Defendant OMB and Plaintiff have agreed that OMB will produce 300 documents on or before July 30, 2020, 300 documents on or before August 30, 2020, and the remainder of the results of its initial search on or before September 30, 2020.

factual context that indicates that a request for expedited consideration has merit." *Id.* (emphasis added).

There is good cause for expedition here.

**I.    FOIA Actions Are Especially Appropriate for Expedition.**

As courts in the Southern District of New York have recognized, "[s]peed is an essential element in [the Court's] process of de novo review under FOIA." *Ferguson*, 722 F. Supp. at 1144. Expedition is warranted because the FOIA "was intended to provide a means of accountability, to allow Americans to know what their government is doing." *Am. Civil Liberties Union v. Dep't of Defense*, 339 F. Supp. 2d 501, 504 (S.D.N.Y. 2004). Further, "[i]n amending FOIA, Congress evinced an increasing concern over the timeliness of disclosure, recognizing that delay in complying with FOIA requests may be 'tantamount to denial.'" *Id.*, (quoting H. Rep. No. 876, 93d Cong., 2d Sess. (1974)). In view of these principles, Congress made the FOIA the "first among equals" in terms of discretionary expedition by courts — in other words, "worthy of special consideration." *Freedom Commc'ns Inc. v. FDIC*, 157 F.R.D. 485, 486 (C.D. Cal. 1994).

In line with Congress's intention, courts have held that "unreasonable delays in disclosing non-exempt documents violate the intent and purpose of the FOIA, and the courts have 'duty' to prevent [such] abuses.'" *Elec. Privacy Info. Ctr. v. Dep't of Justice*, 416 F. Supp. 2d 30, 36 (D.D.C. 2006) (quoting *Payne Enters. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988)). Courts protect against such delays in FOIA suits by imposing deadlines on the government to produce responsive documents. Indeed, courts have demanded production on timelines more ambitious than those sought by Plaintiff here. *See, e.g.*, *Nat. Res. Def. Council v. Dep't of Energy*, 191 F. Supp. 2d 41, 42 (D.D.C. 2002) (finding defendant agency "woefully tardy" for delaying ten months to plaintiff's FOIA request and ordering production of 7549 pages

within 48 days); *Fox News Network, LLC v. U.S. Dep't of Treasury*, 739 F. Supp. 2d 515, 531

(S.D.N.Y. 2010) (30-day production deadline, with 10,113 pages produced within 72 days);

*Elec. Privacy Info. Ctr.*, 416 F. Supp. 2d at 43 (20-day deadline for production or identification

of all responsive documents); *Am. Civil Liberties Union*, 339 F. Supp. 2d at 504 (30-day deadline

for production and *Vaughn* index); *Ferguson*, 722 F. Supp. at 1144, 1145 (85-day production

deadline for years of records and *Vaughn* index).

      As the House of Representatives explained in its report on the Civil Priorities Act,

expedition is consistent with both the nature of FOIA litigation and the overarching purpose of

the Act. Because "most FOIA cases do not involve extended discovery or testimony [,]" FOIA

cases need "not burden court dockets for extensive periods of time." H.R. Rep. No. 985, 98th

Cong., 2d Sess., at 6 (1984). More fundamentally, FOIA "is a major tool through which the

public and the press obtain information about their government," and "extended delays in court

can encourage unjustified refusals to disclose information . . . [and] hamper reporting of

governmental activities." *Id.* at 5-6. Accordingly, "the 'good cause' provision [of the Civil

Priorities Act should] be liberally construed by the courts in granting requests for expedited

consideration under the [FOIA]." *Id.* at 6.

      Finally, courts have concluded that a "prima facie showing of agency delay exists when

an agency fails to process an expedited FOIA request within the [twenty day] time limit

applicable to standard FOIA requests." *Brennan Ctr. for Justice at New York University School

of Law v. United States Dep't of State*, 300 F. Supp. 3d 540, 548-49 (S.D.N.Y. 2018), citing *Elec.

Privacy Info. Ctr.*, 416 F. Supp. 2d at 39. An agency may rebut this "presumption of agency

delay," only by "present[ing] credible evidence that disclosure within such time period is truly

not practicable." *Id.*

Here, Plaintiff submitted its FOIA request seeking records related to the Government's Proclamation on November 21, 2019. It has now been nearly eight months since Plaintiffs FOIA request was submitted, and, as in *Brennan Ctr.*, "nothing has been produced. Nor is there any schedule of production. Accordingly, the presumption of agency delay applies." 300 F. Supp. 3d at 549. Because DOS has yet to produce any evidence demonstrating why it did not meet the twenty-day deadline, much less why it has failed to produce any responsive documents months later, DOS will not be able to demonstrate that a production order is impracticable.

## II.    Expedition is Warranted Here.

The "factual context … indicates that a request for expedited consideration has merit." 28 U.S.C. § 1657(a). Expedition is clearly appropriate here, given the public interest in the subject matter of this litigation, Plaintiff's status as a news site covering this subject matter,[8] and the extensive delay thus far. The Proclamation targets immigrants living inside the United States, as well as those who live abroad, with a particularly disproportionate impact on immigrants with low socio-economic backgrounds. *See* Joel Rose, *How the Trump Administration Uses 'Workarounds' to Reshape Legal Immigration*, NPR, Oct. 10, 2019.[9] Experts estimated that implementation of the Proclamation could reduce the number of immigrants admitted to the United States by up to 65 percent. *See* Nicole Narea and Alex Ward, *Trump's attempt to quietly cut legal immigration by up to 65 percent*, VOX NEWS, Nov. 27, 2019.[10]

Expedition is warranted because "the public interest in enforcement of the statute is particularly strong." H. Rep. 98-985, at 6. Plaintiff's request is a paradigmatic example of what

---

[8]    *See, e.g.,* Mazin Sidahmed, *Presidential Proclamation Sows Confusion at State Department*, Documented NY (Feb. 24, 2020), *available at* https://documentedny.com/2020/02/24/presidential-proclamation-sows-confusion-within-the-state-department/.

[9]    *Available at* https://www.npr.org/2019/10/10/769009449/how-the-trump-administration-uses-workarounds-to-reshape-legal-immigration

[10]    *Available at* https://www.vox.com/2019/10/9/20903541/trump-proclamation-legal-immigration-health-insurance.

the FOIA was designed to promote: "The purpose of FOIA is to find out what our 'government is up to[,]' . . . [and t]hat is precisely the purpose of the Plaintiff's FOIA request." *Nat. Res. Def. Council*, 191 F. Supp. 2d at 43 (quoting *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989)).

Further, delay in producing information is "antithetical" to FOIA. *Families for Freedom v. United States Customs and Border Patrol*, 837 F. Supp. 2d 331, 337 (S.D.N.Y. 2011). *See also Elec. Privacy Info. Ctr.*, 416 F. Supp. 2d at 40 ("[P]ublic awareness of the government's actions is 'a structural necessity in a real democracy' . . . so too is *timely* public awareness[,] . . . as 'stale information is of little value.'" (quoting *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 172 (2004) & *Payne Enters.*, 837 F.2d at 494)) (emphasis in original).

Widespread media coverage further supports the fact that there is significant and compelling public interest in the Proclamation and any changes to how immigrants obtain admission or permanent lawful status. This includes numerous news and opinion pieces in leading news outlets throughout the country.[11] Indeed, interest in these policies has only grown since Plaintiff submitted its request, as numerous local and national media outlets have reported on the Administration's changes to its admission policies and the lawsuits these changes have generated.[12] It is paramount that Plaintiff have access to responsive information in order to fulfill its core function of disseminating information about immigration policy to the public.

---

[11]    *See* Nicole Narea and Alex Ward, *Trump's attempt to quietly cut legal immigration by up to 65 percent*, VOX NEWS, Nov. 27, 2019, https://www.vox.com/2019/10/9/20903541/trump-proclamation-legal-immigration-health-insurance; *See* Joel Rose, *How the Trump Administration Uses 'Workarounds' to Reshape Legal Immigration*, NPR, Oct. 10, 2019, https://www.npr.org/2019/10/10/769009449/how-the-trump-administration-uses-workarounds-to-reshape-legal-immigration; *See* Shayna Jacobs, *Lawsuit says  Trump's green-card rules show preference for 'the wealthy and the white'*, WASH. POST, Dec. 19, 2019, https://www.washingtonpost.com/national-security/lawsuit-says-trumps-green-card-rules-show-preference-for-the-wealthy-and-the-white/2019/12/19/b4cd4fae-2226-11ea-bed5-880264cc91a9_story.html; *See* Ariana Momtazi-Bushweller, *Trump Won't Let My grandmother Come to My Graduation*, SLATE, nov. 19, 2019, https://slate.com/news-and-politics/2019/11/trump-proclamation-immigrants-health-insurance-grandmother.html.
[12]    *See* Max Siegelbaum, *Early Arrival: Appeals Court Leans Against Trump in Public Charge case*, Documented NY, Jan. 08, 2020, https://documentedny.com/2020/01/08/early-arrival-appeals-court-leans-against-

Accordingly, "Plaintiff's request is entitled to rapid consideration by the Court and the [government]." *Freedom Commc'ns Inc.*, 157 F.R.D. at 487.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's motion to expedite and order Defendant to produce to Plaintiff 3000 pages of responsive and reasonably segregable portions of responsive records within two weeks of the Court's ruling and 2500 pages each month thereafter.

Date: July 16, 2020                                Respectfully submitted,

*/s/ Ghita Schwarz*
Ghita Schwarz
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6445
Fax: (212) 614-6445
gschwarz@ccrjustice.org


Susan Cameron
THE LEGAL AID SOCIETY
199 Water Street
New York, NY  10038
Tel: (212) 298-3253
Fax: (646) 924-3563
scameron@legal-aid.org

*Attorneys for Plaintiff*

---

trump-in-public-charge-case/; *See* Adam Liptak, *Supreme Court Allows Trump's Wealth Test for Green Cards*, NYTimes, Jan. 27, 2020, https://www.nytimes.com/2020/01/27/us/supreme-court-trump-green-cards.html; *See* Jamie Parfitt, *Oregon Health Authority Says Public Charge rule in 'Direct Conflict' with its Mission*, ABC News, Jan. 28, 2020, https://www.kdrv.com/content/news/Oregon-Health-Authority-says-public-charge-rule-in-direct-conflict-with-its-mission-567376851.html; *See Supreme Court allows Trump's 'public charge' rule to proceed*, The Oregonian, Jan. 28, 2020, https://www.oregonlive.com/news/2020/01/supreme-court-allows-trumps-public-charge-rule-to-proceed.html.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been transmitted via electronic means to all known parties of record by ECF on this 16th day of July 2020.

<u>*/s/ Ghita Schwarz*</u>
Ghita Schwarz
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6445
Fax: (212) 614-6445
gschwarz@ccrjustice.org