**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
DOCUMENTED NY,

                *Plaintiff*,

                v.                Civil Action No. 20-cv-1946 (AJN)

UNITED STATES DEPARTMENT OF STATE,
UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES, and
OFFICE OF MANAGEMENT AND BUDGET,

                *Defendants*.
-------------------------------------------------------------X

# REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED RELEASE OF RESPONSIVE DOCUMENTS

# Table of Contents

Table of Authorities .................................................................................................. iii

Preliminary Statement ............................................................................................... 1

Argument ................................................................................................................... 1

    I.  Plaintiff is Entitled to Expedited Processing
       Regardless of the Authorizing Statute ................................................................ 1

        A.  Plaintiff shows "good cause" to expedite processing under the CPA ............... 2

        B.  Plaintiff shows "compelling need" to expedite processing under the FOIA ..... 2

    II.  Plaintiff's Request for a Monthly Production Order is Appropriate
       Given Defendant's Failure to Comply with FOIA ............................................... 5

Conclusion ................................................................................................................. 8

# Table of Authorities

**Case**                                                                              **Page**

*Adhikaar v. U.S. Dep't of State*, No. 19 Civ. 5881 (GHW) (S.D.N.Y. 2019) .....................5

*Am. Civil Liberties Union v. U.S. Dep't of Justice*,
321 F. Supp. 2d 24 (D.D.C. 2004) ........................................................................................4

*Bloomberg, L.P. v. United States Food & Drug Admin.*,
500 F. Supp. 2d 371 (S.D.N.Y. 2007)....................................................................................7

*Brennan Ctr. for Justice v. United States Dep't of State*,
300 F. Supp. 3d 540 (S.D.N.Y. 2020)....................................................................................7

*Open Soc'y Justice Initiative v. Cent. Intelligence Agency*,
399 F. Supp. 3d 161 (S.D.N.Y. 2019)................................................................................6, 8

*Citizens for Responsibility and Ethics in Washington v. U.S. Dep't of State*,
No. 19-cv-3488 (D.D.C.) ......................................................................................................6

*Citizens United v. U.S. Dep't of State*, No. 16 Civ. 0048 (D.D.C.) ....................................6

*Doe #1 v. Trump*, 957 F.3d 1050 (9th Cir. 2020) ...............................................................3

*Doe #1 v. Trump*, No. 19-36020 (9th Cir. Dec. 4, 2019) ....................................................3

*Energy & Env't Legal Inst. v. U.S. Dep't of State*, No. 17 Civ. 340 (D.D.C.) ................6, 8

*Ferguson v. F.B.I.*, 722 F.Supp. 1137 (S.D.N.Y. 1989) ......................................................2

*Fox News Network, LLC v. U.S. Dep't of Treasury*,
739 F. Supp. 2d 515 (S.D.N.Y. 2010)....................................................................................8

*International Refugee Assistance Project v. U.S. Citizenship and Immigration Services*,
No. 19 Civ. 8905 (JGK) (S.D.N.Y. 2019) .............................................................................5

*Nat. Res. Def. Council v. Dep't of Energy*, 191 F. Supp. 2d 41 (D.D.C. 2002) ..................8

**Statutes**

5 U.S.C. §552................................................................................................ *passim*

28 U.S.C. § 1657..................................................................................................1

**Congressional Bills**..................................................................................................................

H.R. Rep. No. 985, 98th Cong., 2d Sess. (1984) ...................................................................1


**Other Authorities**

Betsy Klein et al., *Trump claims he will temporarily suspend
immigration into US due to coronavirus fears*, CNN, Apr. 21, 2020..................................4

Lila Seidman, *How Trump's coronavirus immigration orders affect
visas and green cards*, Los Angeles Times, Jul. 23, 2020.....................................................4

Mazin Sidahmad, *Presidential Proclamation Sows Confusion
Within the State Department*, Documented NY, Feb. 24, 2020............................................4

Mike LaSusa, *Visa Seekers Rip Trump's Bid to Duck Insurance Rule Row*,
Law360, Jun. 29, 2020............................................................................................................4

Peter Margulies, *Immigration Update: Ninth Circuit Rules Against
Trump Ban on Uninsured*, Lawfare, May 6, 2020..................................................................4

Russell Brandom, *The Human Cost of Trump's Guest Worker Ban*,
The Verge, Jun. 29, 2020........................................................................................................4

Stuart Anderson, *Health Insurance Mandate: The Next Hammer To
Fall On Immigrants*, Forbes, Feb. 25, 2020..........................................................................4

**PRELIMINARY STATEMENT**

Plaintiff Documented NY is entitled to expedited processing under both the Civil Priorities Act and the FOIA, because it is a news organization and because the information it seeks – about an abruptly-announced policy to impose health insurance requirements on hundreds of thousands of intending immigrants per year – is plainly of urgent public interest. Yet in the nine months since Plaintiff made its request, Defendant Department of State ("State") has failed even to evaluate the number of documents or records responsive to Plaintiff's request, a clear failure to comply with the FOIA or its requirements for expediting processing. The excuses that State offers – and the minimal processing order that it urges the Court to adopt – cannot be justified under the FOIA, particularly given other federal agencies' far more diligent response to Plaintiff's request under identical constraints. Given State's failure to rebut the presumption of agency delay, the Court should order State to produce, not merely process, 3000 pages within two weeks of the Court's order, and 2500 pages each month thereafter.

**ARGUMENT**

**I.     Plaintiff is Entitled to Expedited Processing Regardless of the Authorizing Statute.**

Defendant contends that only the FOIA, and not the Civil Priorities Act ("CPA"), provides this court with authority to order expedited processing. Defendant's position is belied by the plain language of the CPA, which provides that "court[s] shall expedite the consideration of . . . *any* [] action if good cause [] is shown." 28 U.S.C. § 1657(a) (emphasis added). As Plaintiff previously pointed out, the legislative history makes clear that the CPA is to be "liberally construed by the courts in granting requests for expedited consideration under the [FOIA]." H.R. Rep. No. 985, 98th Cong., 2d Sess., at 6 (1984). *See* Pl.'s Br. 6 (Dkt. No. 20).

Regardless of which statute applies, expedited processing is warranted because Plaintiff satisfies both the CPA's "good cause" standard and the FOIA's "compelling need" standard.

### A. Plaintiff shows "good cause" to expedite processing under the CPA.

Defendant's narrow reading of the CPA is misplaced. Plaintiff does not ask this court to use the CPA to "supervise" Defendant's out-of-court "search and processing obligations." Def.'s Br. 8. It seeks this court's assistance in quickly resolving the central issue of this litigation, and of this motion: Defendant's intolerable delay in processing and producing documents. Resolving this issue by ordering expedited processing would facilitate the "speed" and disposal of this litigation, as the CPA intended. *Ferguson v. F.B.I.*, 722 F. Supp. 1137, 1144 (S.D.N.Y. 1989).

There is no doubt that ordering expedited processing would trigger some out-of-court action by Defendant; so, too, would ordering expedited compilation of a *Vaughn* index, which Plaintiff has not sought here but Defendant admits is within the CPA's ambit. Def.'s Br. 9, n. 2. Just as the CPA provides authority to order expedited compilation of a *Vaughn* index for purposes of speeding up FOIA litigation, it also provides authority to order expedited processing if "good cause" is shown. 28 U.S.C. § 1657(a). And Plaintiff has presented ample evidence of good cause, *see* Pl.'s Br. 7-9, not least the fact that "[n]o State records have yet been processed or produced" in the eight months since Plaintiff filed its request. Def.'s Br. 3. Without the court's intervention, this litigation is bound to burden the court's docket for many more months or even years as Defendant continues to shirk its FOIA obligations.

### B. Plaintiff shows "compelling need" to expedite processing under the FOIA.

There can be no real dispute that under the FOIA, Plaintiff is entitled to expedited processing. Defendant correctly concedes that Plaintiff, as a non-profit news site, is "a person primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(v)(II). Def.'s Br. 9.

However, Defendant incorrectly argues that Plaintiff has nonetheless failed to show an "urgency to inform the public concerning actual or alleged Federal Government activity." *Id.*

To support its argument that urgency does not exist, Defendant relies heavily on the fact that the enforcement of the Proclamation is currently enjoined. Def.'s Br. 9-10.[1] While the district court for the District of Oregon did indeed enjoin the Proclamation's enforcement in November, that preliminary injunction is currently on appeal before the Ninth Circuit and has been fully briefed for five months. *See Doe #1 v. Trump*, No. 19-36020 (9th Cir. Dec. 4, 2019). Moreover, the Ninth Circuit ordered the appeal to be expedited in May. *Doe #1 v. Trump*, 957 F.3d 1050, 1056 (9th Cir. 2020). At any time, the Ninth Circuit could issue a decision lifting the injunction and letting the Proclamation go into effect. And without expedited processing of Plaintiff's FOIA request, Plaintiff and the public would be left in the dark as a Proclamation that could immediately bar thousands of noncitizens from entry.

Defendant also is wrong to frame the public interest motivating the urgency of this request as interest in "the topic of immigration policy generally." Def.'s Br. 10. To the contrary, the public—and especially Plaintiff's readership—has a deep interest in urgently understanding how this specific Proclamation will be implemented. *See* Pl's Br. 8, fn. 11-12. That specific interest in the Proclamation has endured even while the Proclamation's enforcement has been enjoined. *See, e.g.,* Mazin Sidahmad, *Presidential Proclamation Sows Confusion Within the State Department,* DOCUMENTED NY, Feb. 24, 2020;[2] Stuart Anderson, *Health Insurance*

---

[1] Defendant also suggests that Plaintiff's request is not urgent because it was filed three weeks after the Proclamation's enforcement was enjoined. Def.'s Br. 9. Plaintiff is aware of no applicable caselaw that faults a requestor for the short time it took to prepare its request. It also defies logic to argue that filing a FOIA request in anticipation of the Ninth Circuit potentially staying, limiting, or lifting the injunction is proof that the request is *not* urgent.

[2] *Available at* https://documentedny.com/2020/02/24/presidential-proclamation-sows-confusion-within-the-state-department/.

*Mandate: The Next Hammer To Fall On Immigrants*, FORBES, Feb. 25, 2020;[3] Peter Margulies, *Immigration Update: Ninth Circuit Rules Against Trump Ban on Uninsured*, LAWFARE, May 6, 2020;[4] Mike LaSusa, *Visa Seekers Rip Trump's Bid to Duck Insurance Rule Row*, LAW360, Jun. 29, 2020.[5] By obtaining records concerning implementation and enforcement on an expedited basis, Plaintiff will be able to inform the public about how Defendant intends to carry out this Proclamation, which, as explained above, could go into effect at any time. Moreover, the Proclamation is part of a broader pattern of presidential actions to change the immigration regime through executive orders and proclamations, a subject that is of great interest to the public generally and to immigrant communities specifically. *See, e.g.,* Betsy Klein et al., *Trump claims he will temporarily suspend immigration into US due to coronavirus fears,* CNN, Apr. 21, 2020;[6] Russell Brandom, *The Human Cost of Trump's Guest Worker Ban*, The Verge, Jun. 29, 2020;[7] Lila Seidman, *How Trump's coronavirus immigration orders affect visas and green cards*, LOS ANGELES TIMES, Jul. 23, 2020.[8]  Policy changes that "are of immediate concern" to the public "weigh [] in favor of a finding of expediency." *Am. Civil Liberties Union v. U.S. Dep't of Justice*, 321 F. Supp. 2d 24, 30 (D.D.C. 2004).

In sum, Plaintiff has a demonstrated urgency to inform the public about the implementation of the Proclamation, especially since the Proclamation may go into effect at any time once the Ninth Circuit rules on the pending appeal. A request made by a news organization regarding a temporarily enjoined policy affecting hundreds of thousands of immigrants each year

---

[3] *Available at* https://www.forbes.com/sites/stuartanderson/2020/02/25/health-insurance-mandate-the-next-hammer-to-fall-on-immigrants/#19cb0ada5069.
[4] *Available at* https://www.lawfareblog.com/immigration-update-ninth-circuit-rules-against-trump-ban-uninsured.
[5] *Available at* https://www.law360.com/articles/1287762.
[6] *Available at* https://www.cnn.com/2020/04/20/politics/donald-trump-immigration-halt-coronavirus/index.html.
[7] *Available at* https://www.theverge.com/21306188/guest-worker-ban-trump-h1b-visa-immigration-stamp-entry.
[8] *Available at* https://www.latimes.com/politics/story/2020-07-23/trump-covid-immigration-orders-h1b-visas-green-cards.

is plainly the kind of request that merits expedited treatment. Plaintiff, as a news site focusing on immigration policy, has thus shown a "compelling need" for the documents relevant to its FOIA request on an expedited basis.

## II. Plaintiff's Request for a Monthly Production Order is Appropriate Given Defendant's Failure to Comply with FOIA.

Defendant State's main effort to avoid producing documents in a timely way rests on its claim that processing – not even producing – more than 300 pages each month would be "impracticable." Although its co-defendants Office of Management and Budget ("OMB") and U.S. Department of Health and Human Services ("HHS") are similarly laboring under the pressures of the global pandemic, those agencies have (after a delay of several months) conducted initial searches and presented information to the Plaintiff about the results of those searches, enabling Plaintiff to come to a negotiated agreement for production. Dkt. No.15 at 2 (agreement with HHS); Pl's Br., Dkt. No. 20 at 4 n.7 (agreement with OMB).

State has done nothing of the kind. Even now, a full nine months after Plaintiff submitted its FOIA request in November of 2019, State has not been able to provide Plaintiff or the Court with even an estimate of how many documents or pages may be at issue, leaving the Court with no sense of how long this case might last should State's request be granted. In contrast, in the two cases from the Southern District of New York that State uses to support its request for a 300-page processing order, State provided an estimate of the volume of documents and thus a way for the court to determine how long the production would take. *See International Refugee Assistance Project v. U.S. Citizenship and Immigration Services*, No. 19 Civ. 8905 (JGK) (S.D.N.Y. 2019), Dkt. No. 16 at 2 (identifying 1000 pages to process) (attached as Schwarz Reply Decl. Ex. 2) ("*IRAP*"); *Adhikaar v. U.S. Dep't of State*, No. 19 Civ. 5881 (GHW) (S.D.N.Y. 2019), Dkt. No. 38 (identifying 1450 pages of non-email documents and 7600 emails

to process) (attached as Schwarz Reply Decl. Ex. 3). *See also Energy & Env't Legal Inst. v. U.S. Dep't of State*, No. 17 Civ. 340 (D.D.C.), Dkt. No. 10 (estimating 18 months needed if processing 200 pages per month) (attached as Schwarz Reply Decl. Ex. 4); *Citizens for Responsibility and Ethics in Washington v. Office of Management and Budget*, No. 19-cv-3488 (D.D.C.), Dkt. No. 9 (identifying 1200 pages of responsive documents to process) (attached as Schwarz Reply Decl. Ex. 5). Further, in *IRAP,* Plaintiff had *consented* to the State's processing rate. *See IRAP,* Dkt. No. 16 at 2.

Here, State has thus far failed to provide the basic information necessary for the Court to evaluate impracticability, or to assess the burdens that State's delays may impose on the Plaintiff should the proposed processing rate keep this case before the Court for years. *Cf. Open Soc'y Justice Initiative v. Cent. Intelligence Agency*, 399 F. Supp. 3d 161, 162 (S.D.N.Y. 2019) (rejecting State's proposal of a processing rate of *3000 pages* per month, which would keep the case open for eight years).[9] This failure is consistent with a pattern of excuses for failing to produce documents that State has provided to federal courts over the years, long before the COVID-19 pandemic. *See, e.g., Citizens United v. U.S. Dep't of State*, No. 16 Civ. 0048 (D.D.C.), Dkt. No. 18 (noting State had "reduced the amount of resources it is devoting to FOIA processing") (attached as Schwarz Reply Decl. Ex. 6).

In this context, State's declaration in support of minimal processing requirements rings hollow. Nothing in Ms. Weetman's declaration justifies State's failure to respond to comply with Plaintiff's FOIA request in the months prior to Plaintiff filing suit, much less in the months after. As State concedes, the request at issue does not implicate classified information. Dkt. 23 ¶ 47.

---

[9] State's initial proposal to the Court was for a processing rate of 300 pages per month, which the Court rejected; in its motion for reconsideration, State sought a modification of the Court's order from 5,000 pages per month to 3,000 pages per month, which the Court similarly rejected. 399 F. Supp. 3d at 167-68.

As of May 2020, Defendant had the technological capability to process unclassified information requests through telework. Dkt. No. 23 ¶ 29. Yet State provides no explanation for why its resources remain so "severely constrained" that it has not even counted the pages that might be responsive to Plaintiff's request. Dkt. No. 23 ¶¶ 30, 33, 47. Further, although State points to the many requests to which it must respond, nowhere does it provide to the Court any estimate of the number of *expedited* requests in its queue. *Cf. Brennan Ctr. for Justice v. United States Dep't of State*, 300 F. Supp. 3d 540, 549 (S.D.N.Y. 2020) (noting that the Department of State "has acknowledged that '[p]rocessing expedited FOIA cases takes precedence over processing other non-expedited FOIA cases,' and that there are only 130 expedited requests currently pending.").

This showing cannot rebut the presumption of agency delay as set forth in Plaintiff's opening brief. Pl's Br. at 6-7. Every federal agency is dealing with the effects of the global pandemic and fields numerous FOIA requests. Only State in this case has flouted the requirements of FOIA in so bold a manner. These "cumulative decisions suggest a pattern of unresponsiveness, delays, and indecision that suggest an absence of due diligence." *Bloomberg, L.P. v. United States Food & Drug Admin.*, 500 F. Supp. 2d 371, 376 (S.D.N.Y. 2007).

Given State's unresponsiveness thus far, it is crucial that the Court order a production rather than a processing schedule. A requirement that State merely process a minimum number of pages per month would not guarantee that Plaintiff receive a single page in any production. Because State has not progressed far enough in the search process to even guess the number of pages it would produce relative to the number it processes, there is no assurance that a processing order would result in the receipt of any documents at all. In view of uncertainty of the results of processing, courts in the Southern District have frequently imposed production rather than processing orders. *See, e.g.,* Joint Letter, Dkt. No. 15-1 (attaching S.D.N.Y. production

orders). Further, Plaintiff's request is not "far outside the mainstream of what courts have ordered State to produce" in other FOIA cases. Def's Br. 15-16. *See, e.g., Open Society*, 399 F. Supp. 3d at 169 (denying motion to reconsider order requiring production of 5000 pages per month); *Citizens United v. U.S. Dep't of State*, No. 16 Civ. 0048 (D.D.C.), Dkt. No. 18 (ordering production of 12,515 pages within four months) (attached as Schwarz Reply Decl. Ex. 6). *See also Nat. Res. Def. Council v. Dep't of Energy*, 191 F. Supp. 2d 41, 42 (D.D.C. 2002) (ordering production of 7549 pages within 48 days); *Fox News Network, LLC v. U.S. Dep't of Treasury*, 739 F. Supp. 2d 515, 531 (S.D.N.Y. 2010) (ordering production of 10,113 pages within 72 days).

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's motion to expedite and order Defendant to produce to Plaintiff 3000 pages of responsive and reasonably segregable portions of responsive records within two weeks of the Court's ruling and 2500 pages each month thereafter.

Date: July 24, 2020                    Respectfully submitted,

*/s/ Ghita Schwarz*
Ghita Schwarz
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6445
Fax: (212) 614-6445
gschwarz@ccrjustice.org


Susan Cameron
THE LEGAL AID SOCIETY
199 Water Street
New York, NY 10038
Tel: (212) 298-3253
Fax: (646) 924-3563
scameron@legal-aid.org

*Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing and of a Declaration with supporting exhibits, has been transmitted via electronic means to all known parties of record by ECF on this 24th day of July 2020.

*/s/ Ghita Schwarz*
Ghita Schwarz
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Tel: (212) 614-6445
Fax: (212) 614-6445
gschwarz@ccrjustice.org