

666 Broadway, 7th Floor
New York, New York 10012
212-614-6464
ccrjustice.org

September 25, 2020

The Honorable Alison J. Nathan
United States District Judge Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square New York, New York 10007

Re: *Documented NY v. U.S. Dep't of State*, No. 20-cv-01946 (AJN)

Dear Judge Nathan:

Counsel writes in reply to the letter submitted by Defendant Department of State ("State") on September 23, 2020 (ECF No. 30). State's defense of its proposal to process 200 pages per month – while seeking implicit consent to produce a tiny fraction of those pages to Plaintiff – amounts to a repudiation of its duty to comply with the Freedom of Information Act ("FOIA"). Although Plaintiff repeats and reiterates the arguments made in its initial briefing, it has modified its production request, seeking an order that State produce 1000 pages or process 1500 pages per month.[1] Given the lapse of time and Plaintiff's significant reduction of its request, this Court should not allow State's continued claims of "impracticability" to deprive Plaintiff of the timely production of documents it is entitled to in this case.

State has invested significant resources to make numerous dramatic alterations in the immigration system that has been in place for decades. Pursuant to President Trump's unprecedented use of the presidential proclamation power, State has, for the first time in history, issued guidelines to bar immigrants from entering the United States if they cannot show the ability to purchase private health insurance within 30 days of entry or possess the resources to cover any health care needs. Given this and State's other major initiatives to disrupt the granting of visas -- initiatives that have direct and devastating impact on millions of families in the United States – it should have expected interest from the press and the public as to what "our 'government is up to.'" *Nat. Res. Def. Council*, 191 F. Supp. 2d at 43 (quoting *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989)). Yet State has continued to keep staffing on its FOIA processing at a level far below what it needs to comply with statutory requirements to respond to information requests.

Plaintiff should not have to bear the burden of the lack of preparation that underpins State's claims of "impracticability." State is in complete control of its staffing choices. It has had months to respond to the pandemic and years to figure out a solution to the urgent public

---

[1] In its initial briefing, Plaintiff requested that State produce 3000 pages in the first month and 2500 pages each month thereafter. ECF Nos. 20, 24. As Plaintiff pointed out in its initial briefing, ECF No. 24 at 6-8, courts regularly order federal agencies, including State, to comply with far more ambitious production schedules. *See, e.g., Open Soc'y Justice Initiative. v. Cent. Intelligence Agency*, 399 F. Supp. 3d 161, 162 (S.D.N.Y. 2019) (rejecting State's proposal to reduce production order from 5000 pages per month to 3000 pages per month).

interest in its activities. Federal agencies have an obligation to comply with statutes passed by Congress, and there is no exception in the FOIA for the Department of State.

Given State's response thus far – producing just 11 heavily-redacted pages nine months after receiving a FOIA request – a production order is crucial for Plaintiff to vindicate its rights under FOIA. Moreover, Plaintiff must be able to assess whether the exemptions State has liberally claimed are appropriate. As State acknowledges, the Court has the discretion to order the production of *Vaughn* indices or other similar, detailed and specific explanations of its claimed exemptions prior to the end of production. ECF No. 30 at 5 n.5, citing *Brennan Center for Justice at New York University School of Law v. United States Department of State*, 300 F.3d 540, 550 (S.D.N.Y. 2018). Such an order is warranted here so that Plaintiff is not placed in the position of waiting months or even years before challenging extensive redactions.

Plaintiff Documented NY is a news organization that seeks to educate its readers on changing immigration policies and their intersection with health care policy, two of the most pressing issues of the day. As made clear in its request and in its briefing on the initial motion renewed here, it is plainly entitled to expedited processing of a request that it filed nearly a year ago.  Indeed, any plaintiff who requested such information would be entitled to far more than State is offering. State's request to process a trickle of pages and to be permitted to produce a fraction of the pages processed must be denied. Instead, the Court should order State to either produce 1000 pages or process 1500 pages per month, and to issue monthly *Vaughn* indices to the Plaintiff so that this case – a request for information on a specific, discrete policy issued suddenly in the fall of 2019 – can proceed without undue delay.

Thank you for your consideration of this matter.

Respectfully submitted,
*/s/ Ghita Schwarz*
Ghita Schwarz
Center for Constitutional Rights
666 Broadway
New York, NY 10012
Tel: (212) 614-6445
gschwarz@ccrjustice.org

Susan Cameron
The Legal Aid Society
199 Water Street
New York, NY 10038
Tel: (646) 901-1735
scameron@legal-aid.org

*Counsel for Plaintiffs*

Cc: All Counsel of Record